1  BENJAMIN B. WAGNER
   United States Attorney
2  JEAN M. HOBLER
   Special Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700

5

6

7

8            IN THE UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )       2:10-MC-00119-JAM-KJM
                                    )
12          Plaintiff,              )
                                    )       CONSENT JUDGMENT
13     v.                           )       OF FORFEITURE
                                    )
14 APPROXIMATELY $24,851.37 IN U.S. )
   CURRENCY SEIZED FROM BANK OF     )
15 STOCKTON BUSINESS CHECKING       )
   ACCOUNT NUMBER 2110194901, HELD  )
16 IN THE NAME TIMOTHY G. KELLY     )
   PLUMBING SUPPLY AKA KELLY'S      )
17 KITCHEN AND BATH SHOWROOM,       )
                                    )
18          Defendant.              )
   _____)
19

20      Pursuant to the Stipulation for Consent Judgment of

21 Forfeiture, the Court finds:

22      1.  On July 21, 2010, Magistrate Judge Kendall J. Newman

23 authorized the seizure of funds in the above-captioned bank account

24 (hereafter "the defendant funds") based upon a finding of probable

25 cause that the defendant funds were subject to forfeiture to the

26 United States based upon violations of 31 U.S.C. §§ 5324(a)(1)

27 (causing and attempting to cause a domestic financial institution

28 to fail to file a currency transaction report (CTR)) and (a)(3)

                         1        Consent Judgment of Forfeiture

1  (structuring).  See All funds maintained at Bank of Stockton

2  business checking account number 2110194901, held in the name

3  Timothy G. Kelly Plumbing Supply aka Kelly's Kitchen and Bath

4  Showroom, 2:10-SW-00292-KJN.  On or about July 21, 2010, the

5  Internal Revenue Service, Criminal Investigation ("IRS") executed

6  the seizure warrant against the defendant funds.  IRS then

7  commenced administrative forfeiture proceedings, sending direct

8  written notice to all known potential claimants and publishing

9  notice to all others.  On or about September 7, 2010, the IRS

10 received a claim from Kevin Barnett and Leah Barnett asserting an

11 ownership interest in the defendant funds.  On or about September

12 8, 2010, the IRS received a claim from Kevin Barnett on behalf of

13 Timothy G. Kelly Plumbing Supplies, Inc. asserting an ownership

14 interest in the defendant funds.

15      2.   The United States contends that if this matter proceeded

16 to trial in a civil forfeiture proceeding the government would show

17 that between January 5, 2010 and March 10, 2010, in the Eastern

18 District of California, Kevin Barnett or another person acting for

19 his benefit structured currency transactions by breaking up

20 currency deposits at or below $10,000.00 to evade the currency

21 transaction requirement in violation of 31 U.S.C. § 5324(a)(3).

22 The United States contends that the evidence would further show

23 that Kevin Barnett or another person acting for his benefit

24 conducted currency deposit transactions with the intent to cause or

25 attempt to cause a domestic financial institution to fail to file a

26 CTR in violation of 31 U.S.C. § 5324(a)(1).  In particular, and as

27 specified in greater detail in the affidavit in support of seizure

28 warrant 2:10-SW-00292-KJN, between January 5, 2010 and March 10,

2010, at least $100,700.00 in funds were structured into Bank of Stockton business checking account number 2110194901.

3.   Without admitting the truth of the factual assertions contained in the stipulation filed herein or in the affidavit in support of the seizure warrant, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter and all civil claims arising out of the factual averments made in said documents described above, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds for the purpose of the resolution of this case.  Claimants acknowledged that they are the sole owners of the defendant funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants agree to hold harmless and indemnify the United States.

4.   This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

5.   This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

6.   The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

7.   The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

8.   Upon entry of this Consent Judgment of Forfeiture, all right, title, and interest in the Approximately $24,851.37 in U.S. Currency seized from Bank of Stockton business checking account number 2110194901, held in the name Timothy G. Kelly Plumbing Supply aka Kelly's Kitchen and Bath Showroom, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

9.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed.  The parties have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

10.   Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant funds and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

11.   No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any

1    criminal action pursuant to Rules 408 and 410(4) of the Federal

2    Rules of Evidence.

3        12.  All parties will bear their own costs and attorneys'

4    fees.

5        IT IS SO ORDERED.

6    DATED: 12/13/2010           /s/ John A. Mendez
                                 JOHN A. MENDEZ
7                                United States District Judge

8

9

10
                    **CERTIFICATE OR REASONABLE CAUSE**
11
         Pursuant to the Stipulation for Consent Judgment of Forfeiture
12
     filed herein, the Court enters this Certificate of Reasonable Cause
13
     pursuant to 28 U.S.C. § 2465, that there was reasonable cause for
14
     the seizure of the above-described defendant funds.
15
     DATED: 12/13/2010           /s/ John A. Mendez
16                               JOHN A. MENDEZ
                                 United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28